**FILED**

SEP 2 2 2011


CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| D & M IRON HORSE INN, LLC, ) | File No. 11-5075 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| UNITED FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Plaintiff, and hereby states as follows:

1. Plaintiff (Iron Horse) is a South Dakota corporation and operates a business known as the Iron Horse Inn located in Deadwood, South Dakota.

2. Defendant is a company with its principal place of business outside South Dakota.

3. The amount in controversy exceeds $75,000.00.

4. Jurisdiction of the Court is proper pursuant to 28 U.S.C. 1332, diversity of citizenship.

5. Plaintiff purchased a policy of property insurance from Defendant for purposes of insuring the Iron Horse Inn.

6. On August 3, 2010, a hail storm occurred in Deadwood, and eight to ten feet of hail accumulated in a basement stairwell of the Iron Horse Inn.

7. The weight of the hail caused a large window to collapse inward, filling the

basement of the Iron Horse with hails stones to a depth of up to four feet.

8. Collapse of the window occurred because of defective methods and materials used in constructing the basement stairwell, and the windows in the stairwell.

9. The entry of ice and hail caused extensive property damage, and required weeks to remove the hail and other debris from the basement.

10. Plaintiff presented a claim for property loss and business interruption to its insurer, United Fire & Casualty.

11. The policy promises to cover Risks of Direct Physical Loss to Plaintiff's real estate and personal property, as well as losses from interruption of business activities.

12. On August 24, 2010, United Fire & Casualty denied Iron Horse's claims.

13. United Fire & Casualty asserts an exclusion for losses caused directly or indirectly by water or waterborne materials.

14. United Fire & Casualty asserts that the pressure of surface water carrying hail broke the basement stairwell window, and water carried the hail through the window and into basement.

15. Contary to United Fire's claims, the collapse of the window was caused by hail, not water; the hail entering the basement through the collapsed window was not carried by water; and hail, not water, caused the extensive damage to the basement.

16. Because of these facts, the water exclusion does not apply to preclude coverage.

17. In addition, and as a separate basis for coverage, the contract of

insurance provides "Additional Coverage," for "Collapse," defined as an abrupt falling down or caving in of all or any part of the building.

18. This Additional Coverage is triggered if the collapse is caused by defective materials or methods of construction, remodeling or renovation, of a building or any part of a building.

19. The Additional Coverage specifically includes coverage for "Collapse" caused by hail, or the *weight of snow, ice or sleet.*

20. The Additional Coverage-Collapse section of the insurance contract makes the event here a covered loss, and is not negated by exclusions contained in a separate section of the contract.

21. Defendant denied the claim without performing a reasonable investigation of the causes of loss or the availability of coverage.

22. As a result, Plaintiff has incurred expenses and time in order to gather facts that the insurer has a duty to gather, but didn't.

23. Plaintiff has also been damaged by the insurer's refusal to cover property losses in an amount exceeding $250,000.

24. Defendant's conduct is a breach of the insurance contract because it has failed to pay the amounts owing, failed to make payment within the time frames allowed by the contract and applicable law governing insurance claims, and has failed to comply with its duty to investigate by gathering the facts that support payment of the claim.

**WHEREFORE**, Plaintiff seeks the following relief:

(a) Declaratory judgment defining the scope of coverage and exclusions,

including but not limited to Part D., Additional Coverage - Collapse;

    (b)    Trial by jury on factual issues, including but not limited to (1) whether hail entered the basement without being carried by water; (2) whether damage to property was caused by hail and ice as opposed to water; (3) whether hail caused collapse of the window; (d) whether collapse of the window was caused by defective materials or methods used in construction of the stairwell and windows in the stairwell; (4) damages incurred; (5) any other factual determinations necessary to resolve the issues;

    (c)    Compensatory damages in an amount to be determined by trial.

    (d)    Prejudgment interest as allowed by law.

    (e)    Other relief as deemed appropriate and necessary.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Dated this 21 of September, 2011.

By: _/s/ Mike Abourezk_
Mike Abourezk
ABOUREZK LAW FIRM
Attorneys for Plaintiff
PO Box 9460
2020 W. Omaha
Rapid City, South Dakota 57709
(605) 342-0097